```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


EASTERN APPROACH REHABILITATION,    :
LLC, et al.,                        :
                                    :
        Plaintiffs,                 :    CIVIL ACTION
                                    :
    v.                              :
                                    :    NO. 16-cv-1374
STATE FARM MUTUAL AUTOMOBILE        :
INSURANCE COMPANY, et al.,          :
                                    :
                                    :
        Defendants.                 :
```

**MEMORANDUM AND ORDER**

Joyner, J.                                          May 31, 2016

Before the Court are Plaintiffs' Motion to Remand (Doc. No. 3), Defendants' Response in Opposition thereto (Doc. No. 7), Plaintiffs' Reply in Further Support thereof (Doc. No. 8), and Defendants' Sur-reply is Further Opposition thereto (Doc. No. 9). Before the Court are also Defendants' Motion to Dismiss Count II of Plaintiffs' Complaint (Doc. No. 4) and Plaintiffs' Response in Opposition thereto (Doc. No. 6). For the reasons below, the Court will DENY the Plaintiffs' Motion to Remand and GRANT Defendants' Motion to Dismiss. An Order follows.

**I. Factual and Procedural Background**

Plaintiffs are two rehabilitation, chiropractic and physical

1

therapy centers located in Philadelphia, Pennsylvania. Compl. ¶¶ 1-2, 6. Defendant State Farm Mutual Automobile Insurance Company (hereinafter, "State Farm") is an Illinois insurance company. Compl. ¶ 3. Defendants Craig Dalfarra ("Dalfarra") and John Costanzo ("Costanzo") are employees of State Farm who were assigned to its Special Investigation Units ("SIU"). Compl. ¶¶ 8, 14, 40-43, 54. Dalfarra and Constanzo are both citizens of Pennsylvania, and they work in State Farm's Concordville office. Compl. ¶¶ 4-5. Plaintiffs brought suit against the Defendants in the Court of Common Pleas of Philadelphia, alleging that State farm violated Pennsylvania's Motor Vehicle Financial Responsibility Law. Compl. ¶¶ 45-50. Plaintiffs also allege tortious interference with existing economic relations between certain patients and Plaintiffs by Dalfarra and Costanzo. Compl. ¶¶ 51-62.

According to Plaintiffs, State Farm has a "business strategy of attacking and undermining the credibility of doctors who treat auto accident patients." Compl. ¶ 7. In furtherance of this strategy, State Farm has created protocols by which the SIU identify doctors to target. Compl. ¶ 8. SIU would then make targeted doctors a "project." Compl. ¶ 9. The SIU representatives would deny payments to the targeted medical provider. Compl. ¶ 17. Plaintiffs allege this is part of a larger business strategy to

2

intimidate medical providers into providing less care to their patients and therefore to drive down claim expenses. Compl. ¶¶ 17, 34. Plaintiffs were identified as a project and that project was assigned to SIU representative Costanzo.[1] Compl. ¶¶ 13, 14.

In addition to denying claims Plaintiffs say are legitimate, Plaintiffs allege that certain State Farm employees contacted attorneys for patients treated by the Plaintiffs in order to intimidate the patients into seeking treatment elsewhere. Compl. ¶39. In particular, Plaintiffs allege Dalfarra contacted one such attorney on or around January 8, 2016. Compl. ¶ 40. They allege Dalfarra advised the attorney that his clients' treatment would not be paid by State Farm. Compl. ¶ 42. Plaintiffs allege Costanzo made similar statements to another patient's attorney. Compl. ¶ 43. Plaintiffs allege this is outside the scope of Dalfarra and Constanzo's employment, and that they acted in advance of personal economic and professional gain.[2] Compl. ¶¶ 58, 59, 62.

Defendants removed this case to federal court on March 25, 2016. Plaintiffs filed this Motion to Remand on March 28, 2016. Defendants filed a reply and Plaintiffs filed a sur-reply.

---

[1] Plaintiffs refer to an additional SIU representative, Gerstenfield, who was assigned to this case and is not named in this suit.

[2] Plaintiffs maintain that other SIU employees engaged in similar activity and that they will be added to the suit after discovery reveals their identities.

Defendants filed their partial Motion to Dismiss on March 29, 2016, and Plaintiffs filed their response on March 30, 2016.

**II. Motion to Remand**

**A. Legal Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed... ." 28 U.S.C. § 1441. A federal district court has original jurisdiction over a civil action between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. This requires "complete diversity between all plaintiffs and all defendants." Lincoln Property Co. v. Roche, 546 U.S. 81, 89 (2005) (citations omitted). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). The defendant bears the burden of proof respecting the propriety of removal, and we resolve all doubts in favor of remand. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

"When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only be demonstrating that the non-diverse party was fraudulently joined." Batoff v. State Farm Ins.

4

Co., 977 F.2d 848, 851 (3d Cir. 1992) (citation omitted). "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." Id. (internal quotation marks and citations omitted). In other words, joinder is fraudulent when the claims against the joined defendants are "wholly insubstantial and frivolous." Id. at 852. The standard for evaluating a fraudulent joinder claim is less searching than that used in reviewing a motion to dismiss for failure to state a claim. Id. Unlike in a motion to dismiss, however, in deciding a motion to remand, "courts may make certain factual findings." Erie Insurance Exchange v. Greenwich Insurance Co., No. 16-00015, 2016 WL 1404162, at *2 (E.D. Pa. April 11, 2016). A court may go beyond the complaint and consider affidavits and other documents in making those findings. Id.; See also In re Briscoe, 448 F.3d 201, 218 (3d Cir. 2006).

**B. Discussion**

Defendants argue that Dalfarra and Costanza, the non-diverse defendants, have absolute statutory immunity, and therefore there can be no colorable claim against them. Pennsylvania's Unfair Insurance Practices Act ("UIPA") provides, in relevant part: "There

shall be no liability on the part of and no cause of action of any nature shall arise against..., any insurer, the authorized representatives, agent and employees of [any insurer],... for any statement made by them in complying with this act or for providing information pertaining thereto." 40 P.S. § 1171.6. The UIPA requires insurers to "promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim...." 40 P.S. § 1171.5(a)(10)(xiv).

Defendants argue that the statements Dalfarra and Costanza made to patients' attorneys are required explanations of the basis of a claim denial, and therefore are protected by this statutory provision. Plaintiffs, for their part, do not contest that claim denial letters are privileged. <u>See</u> Doc. No. 8 at 1 of 3 ("Plaintiffs do not allege that Defendants Dalfarra and Costanzo simply sent some letters to attorneys."). Instead, they argue that they allege communication that is not privileged, in which Defendants Delfarra and Costanzo "advise[d] insureds to stop treating with their chosen medical provider and go to a different doctor." Id. at 2 of 3.

In the Complaint, Plaintiffs allege Dalfarra and Costanza "contacted numerous patients and their attorneys in an effort to

convince them to seek treatment elsewhere." Compl. ¶ 57. They allege Dalfarra and Constanzo "actively encourag[ed]" these patients to seek treatment elsewhere and that they "caused" certain patients to seek treatment elsewhere. Compl. ¶¶ 58, 60. There are two specific allegations related to Mr. Dalfarra and Mr. Costanza in the Complaint. Plaintiffs maintain that Mr. Dalfarra advised an attorney for L.K. and E.K, patients of Eastern Approach, that his clients' "treatment at Eastern Approach would not be paid by State Farm because of allegations State Farm had made against Eastern Approach" prior to that attorney's clients' motor vehicle accident. Compl. ¶¶ 40-42. They also allege Mr. Costanzo "made similar representations" to the attorney of patient D.G. Compl. § 43. Plaintiffs allege other SUI employees made "similar representations" and that other patients have ended or avoided treatment with Plaintiffs "as the result of similar contacts." Compl. ¶¶ 44, 61.

Plaintiffs do not allege in their Complaint that the Defendants Dalfarra and Costanzo said, either orally or in writing, that patients should seek treatment elsewhere. Instead, Plaintiffs impute certain motivations to these Defendants: that they contacted patients in order to encourage them to seek treatment elsewhere, and that they were motivated by financial gain. That, in

conjunction with the reference to "similar" representations and contacts as the ones specifically pled, indicates that the Complaint refers only to claim denial letters and does not allege additional, unprivileged communications between Dalfarra and Costanzo and Eastern Approach patients or their attorneys. The affidavits submitted by Dalfarra and Costanzo affirm they had no additional contact with these attorneys in the two specific cases referenced. For sure, the Plaintiff's Reply to Defendant's Response in these pleadings states there was separate communications, but there are simply no such instances pled in the Complaint.

We find these letters are made in compliance with the Act, and that even if Defendants had ulterior motives, as Plaintiffs state without providing supporting evidence, that would have no bearing on the absolute immunity to which the statute entitles them. Therefore, we find that Defendants have met their burden to show the claims against Dalfarra and Costanzo are wholly insubstantial and frivolous, and we deny Plaintiffs' Motion to Remand.

**II. Motion to Dismiss**

**A. Standard**

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering such a motion, a district court must "accept as true

the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Krantz v. Prudential Invs. Fund Mgmt. LLC, 305 F.3d 140, 142 (3d Cir. 2002) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" will not suffice. Id. (citation omitted). Rather, a plaintiff must allege some facts to raise the allegation above the level of mere speculation. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 176 (3d Cir. 2010) (citing Twombly, 550 U.S. at 555). Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**B. Discussion**

Defendants move to Dismiss Count II of Plaintiffs' Complaint

with prejudice, which alleges tortious interference with existing economic relations by Defendants Dalfarra and Costanzo. As described above, we find that these claims are frivolous and wholly insubstantial because Dalfarra and Costanzo have statutory immunity for the claim denial letters, and that the only alleged communications were those claim denial letters. Again, Plaintiffs argue that they pled additional communications besides the letters. As explained in further detail above, we find that the Plaintiffs did not plead any contact between Dalfarro and Costanzo beyond the statutorily protected letters. Accordingly, we grant Defendants' Motion to Dismiss Count II.

### III. Conclusion

For the reasons above, the Court denies Plaintiffs' Motion to Remand and grants Defendants' Motion to Dismiss Count II. An Order follows.