# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM MUT. AUTO. INS. CO., ET AL., | : : : | |
|        Plaintiffs, | : : | CIVIL ACTION |
|   v. | : : | NO. 15-cv-5929 |
| LEONARD STAVROPOLSKIY, ET AL., | : : : | |
|        Defendants. | : | |
| | | |
| EASTERN APPROACH REHABILITATION, LLC, ET AL., | : : : | |
|        Plaintiffs, | : : | CIVIL ACTION |
|   v. | : : | NO. 16-cv-1374 |
| STATE FARM MUT. AUTO. INS. CO., ET AL., | : : : : | |
|        Defendants. | : | |

## MEMORANDUM

Joyner, J.                                              April 24, 2017

Before this Court are motions to compel discovery filed by both parties, together with their responses and replies. For the reasons set forth, each motion will be granted in part and denied in part.

## Standard

Under the Federal Rules of Civil Procedure, district courts have broad discretion to manage discovery. Sempier v. Johnson & Higgins, 45 F.3d 724, 734 (3d Cir. 1995). Discovery need not be confined to matters of admissible evidence; it may encompass any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## **Discussion**[1]

Dr. Leonard Stavropolskiy, Dr. Joseph Wang, Aquatic Therapy of Chinatown, and Eastern Approach Rehabilitation (collectively, the "Medical Parties") and State Farm Fire and Casualty Company (collectively, "State Farm") have served a series of interrogatories and document requests on each other. Both sides

---

[1] We write primarily for the parties and do not repeat here the facts and allegations, which are set forth in E. Approach Rehab.,LLC v. State Farm Mut. Auto. Ins. Co., No. 16-CV-1374, 2016 WL 3078036, at *1 (E.D. Pa. June 1, 2016), State Farm Mut. Auto. Ins. Co. v. Stavropolskiy, No. 15-CV-5929, 2016 WL 2897427, at *1 (E.D. Pa. May 18, 2016), and State Farm Mut. Auto. INS. Co. v. Stavropolskiy, No. 15-CV-5929, 2016 WL 627257, at *1 (E.D. Pa. Feb. 17, 2016).

have answered certain requests, but have refused to respond to others in whole or in part.  In their respective motions to compel, both parties argue that certain responses are incomplete or unresponsive.  We review each request individually to determine whether, under the standard set out in the Federal Rules of Civil Procedure, the documents requested or subpoenaed are discoverable.

### **The Medical Parties' Motion to Compel (Doc. No. 46)**

The Medical Parties' requests to compel answers to interrogatories and production of documents are granted or denied as follows:

**(1) Interrogatory #1: "When did you first begin any investigation of Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, and/or Dr. Joseph Wang?"**

In response to this request, State Farm asserted that it opened a multi-claim investigation project on or about November 15, 2013 and that it had "also engaged in investigation of the above referenced" Medical Parties prior to that date.  State Farm's response cross-referenced its response to another interrogatory revealing that State Farm reviewed a claim or claims against the Medical Parties on or around September 19, 2011.

The Medical Parties submit that a more specific answer is required.  We agree and thus, we direct State Farm to state with specificity when it first began any investigation of the Medical

Parties.

**(2) Interrogatory #5: "When and how did you first identify the fraud you allege in your lawsuit against the Eastern Approach entities?"**

In response to this request, State Farm stated that it made the determination sometime between September 8, 2014 and the date of the filing of the Complaint. State Farm protests that it cannot answer "down to a specific minute, hour, or day," (Doc. No. 48), because its determination was not an epiphany but rather occurred over time. State Farm maintains that the best it can do is to provide a time frame during which it is reasonably certain the identification of fraud was made, which it has done. We agree with State Farm that its response is sufficient as to when it first identified the alleged fraud.

As to how it identified the alleged fraud, State Farm initially provided no response and now refers the Medical Parties and the Court to the evidence detailed in its amended complaint and a response to a later interrogatory regarding the reasons State Farm was unable to discover the alleged fraud earlier than October 30, 2011. These answers are not responsive to the Medical Parties' interrogatory. Accordingly, we direct State Farm to state with specificity how it first identified the fraud alleged in its lawsuit.[2]

---

[2] In their motion to compel and proposed order, the Medical Parties indicated that they are seeking to compel State Farm to provide complete and verified responses to Interrogatory #6. The

**(3) Request for Production #3:** **"Please provide copies of any and all reports by SIU Team Managers maintained on the NESS database at any time from 2005 through the present which reference or relate to Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, Dr. Joseph Wang and/or State Farm's Eastern Approach Project."**

State Farm lodged myriad objections in response to this request and initially refused to provide any of the requested documents.  In its opposition to the Medical Parties' motion, however, State Farm stated that it will provide responsive documents to the extent they existed during the relevant time period and are not subject to attorney-client and/or work product privileges.  State Farm is hereby directed to provide the requested documents from 2005 to the present to the Medical Parties.

**(4) Request for Production #4:** **"Please provide copies of any and all documents maintained at any time in the Potential Fraud Management Tool from 2005 through the present which reference or relate to Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, Dr. Joseph Wang, and/or State Farm's Eastern Approach Project."**

State Farm likewise lodged myriad objections in response to this request and initially refused to provide any of the requested documents.  As with the prior request, State Farm has stated that it will provide responsive documents to the extent they are not subject to attorney-client and/or work product

---

arguments presented in the parties' motion papers relate only to Interrogatory #5, however, and it is those arguments we address here. To the extent that the Medical Parties sought to compel complete and verified responses to Interrogatory #6, that request is denied.

privileges.  State Farm is hereby directed to provide the
requested documents from 2005 to the present to the Medical
Parties.

**(5) Request for Production #12: "Please provide copies of any and
all lists, spreadsheets, excel documents, and/or any other
documents which identify Projects of the SIU on which Eastern
Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr.
Leonard Stavropolskiy, and/or Dr. Joseph Wang have ever
appeared."**

In response to this request, State Farm has agreed only to
produce redacted lists that conceal the names of unrelated
providers who are under investigation.  State Farm wishes to
avoid disclosing information regarding unrelated investigations
on account of the risk that this information might be
intentionally leaked or inadvertently disclosed to the unrelated
entities that it is investigating.

The Medical Parties argue that they are entitled to
unredacted lists in order to support their statute of limitations
defense.  Because the lists are undated, the Medical Parties
argue that only by comparing the other doctors and clinics on the
list can the Medical Parties "place a time frame on when they
truly first appeared as a project."  (Doc. No. 46).  In response,
State Farm says that the Medical Parties already know when
Plaintiffs opened their project into the Medical Parties, as
revealed by State Farm's interrogatory response and corroborating
documents.  State Farm further argues that there is no way the
Medical Parties could determine when State Farm's investigation

began by comparing names on an undated list.  Accordingly, State Farm calls into question counsel's true reason for requesting the unredacted lists.

Without impugning the motives of counsel, we find that the Medical Parties have failed to demonstrate that their request for unredacted lists is reasonably calculated to reveal to the discovery of admissible evidence.  We thus direct State Farm to provide copies of the requested documents, but State Farm shall be permitted to redact any non-public information revealing the subjects of State Farm investigations unrelated to the Medical Parties.

**(6) Request for Production #13: "Please provide copies of any and all invoices submitted by the law firms of Goldberg, Miller & Rubin; Bennett, Bricklin & Saltzburg; Dion, Rosenau; and/or Harrington & Associates for work performed in connection with State Farm's Eastern Approach Project and/or any investigation by State Farm into Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, and/or Dr. Joseph Wang."**

State Farm objected to this request on the ground that, *inter alia*, any response would divulge privileged communications. The Medical Parties argue that the dates on which these firms billed State Farm for work related to the "Eastern Approach Project" are relevant to their statute of limitations defense and concede that State Farm may redact any information in the invoices which is privileged.  State Farm's argument, however, is that the Medical Parties' request is *per se* inappropriate because it presupposes the nature of the legal services performed.  That

is, State Farm cannot respond to the request without its response inherently divulging privileged communications.  Attorney billing records are privileged to the extent they reveal the nature of the services rendered.  See Montgomery Cty. v. MicroVote Corp., 175 F.3d 296, 304 (3d Cir. 1999); LightStyles, Ltd. v. Marvin Lumber & Cedar Co., No. 1:13-CV-1510, 2014 WL 2115214, at *1 (M.D. Pa. May 21, 2014).  We agree that State Farm cannot respond to the Medical Parties' request, as drafted, without divulging privileged information, and so the Medical Parties' request to compel State Farm to provide documents in response to Request for Production #13 is denied.

Finally, the Medical Parties also lodge two objections to State Farm's manner of production.

**(7) Redactions Based on Work Product**

The Medical Parties first object to State Farm's redactions based on claims of work product, particularly State Farm's redaction of the evaluations of individual claim handlers within underlying claim files.  "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  Fed. R. Civ. P. 26(b)(3)(A).  The work-product doctrine "protect[s] the confidentiality of papers prepared by or on behalf of attorneys

8

in anticipation of litigation," thus "enabling attorneys to prepare cases without fear that their work product will be used against their clients."  In re Chevron Corp., 633 F.3d 153, 164 (3d Cir. 2011).  As the Medical Parties correctly state, to determine whether a document was prepared "in anticipation of litigation," the appropriate inquiry is whether "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Martin v. Bally's Park Place Hotel & Casino, 983 F.2d 1252, 1258 (3d Cir. 1993).  The Medical Parties argue that State Farm's claim files were prepared in the ordinary course of business and thus not in anticipation of litigation, leaving them outside the purview of the work product privilege.

It is clear that State Farm keeps claim files in the ordinary course of business.  But State Farm does not claim privilege over any individual claim file in full.  According to State Farm, when a claim is in litigation or when litigation is anticipated, its claim adjusters will sometimes include their mental impressions regarding the pending or anticipated litigation in the claim file.  As is demonstrated by the representative sample that the Medical Parties presented to the Court, State Farm's redactions appear to be limited to such notations.  (Doc. No. 46, Exh. E).  Absent rare or exceptional

circumstances, which the Medical Parties have not shown, State Farm's redactions, limited to those impressions, are appropriate. See In re Cendant Corp. Sec. Litig., 343 F.3d 658, 663-66 (3d Cir. 2003). The Medical Parties' request to compel unredacted claim files is denied.

**(8) TIFF Files**

The Medical Parties also object that State Farm's document production consists of more than 20,000 individual Tag Image File Format ("TIFF") files, and they ask us to compel State Farm to produce each claim file as a searchable PDF document. In response, State Farm asserts that it provided electronic documents as kept in the usual course of business and organized and labeled them. This is all that is required. See Fed. R. Civ. P. 34(b)(2)(E). The Medical Parties' request to compel production of each claim file as one searchable PDF document is denied.

## State Farm's Motion to Compel (Doc. No. 47)

State Farm's requests to compel answers to interrogatories and production of documents are granted or denied as follows:

**(1) Requests for Production of Documents #1 and #6: Billing Data and Records**

State Farm requested the production of the Medical Parties' billing data and records, including, *inter alia*, copies of the Medical Parties' Healthcare Insurance Claim Forms ("HCFA 1500

forms"). The Medical Parties do not dispute the relevance of these documents or their obligation to comply with this request; instead, the dispute appears to be entirely about whether these forms have been submitted at all. The Medical Parties report that after State Farm's present motion was filed with this Court, they have produced all of the billing data and records they are able to produce, including HCFA forms, rendering State Farm's request moot. (Doc. No. 49). In its reply, State Farm asserts without particularity that the Medical Parties have still not provided the billing data State Farm seeks. (Doc. No. 51). Unfortunately, State Farm has not explained why the Medical Parties' recent production is insufficient. To the extent they have not already done so, the Medical Parties are hereby directed to provide all documents responsive to Requests for Production #1 and #6, including, without limitation, billing data and copies of the HCFA 1500 forms. In all other respects, State Farm's request is denied as moot.

**(2) Interrogatories #1 and #3 and Requests for Production of Documents #7-8, 11-16, 41-42: Corporate and Financial Records**

State Farm argues that the Medical Parties should be compelled to produce their corporate and financial records, which State Farm says are relevant to establishing the Medical Parties' motive for participating in billing fraud. State Farm directs us to a number of prior cases in which courts have found that State Farm is entitled to the discovery of financial records where

11

there is an allegation of fraud.  See, e.g., State Farm Mut.
Auto. Ins. Co. v. Fayda, 2015 WL 7871037, at *3 (S.D.N.Y. Dec. 3,
2015); State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic and
Rehab Clinic P.C., 2015 WL 4094115, at * 6 (E.D. Mich. July 7,
2015); State Farm Mut. Auto. Ins. Co. v. CPT Medical Servs.,
P.C., 375 F. Supp. 2d 141, 155-56 (E.D.N.Y. 2005).  The Medical
Parties object that each of the cases cited by State Farm
involved alleged RICO violations.  This case is distinguishable,
according to the Medical Parties, because here there is no
alleged RICO violation and no allegation of any broader
conspiracy of inappropriate referrals or "kickbacks" that would
justify the discovery of financial records.

We agree with State Farm that the Medical Parties' corporate
and financial records are discoverable in this case.  State Farm
alleges that the Medical Parties implemented a scheme to defraud
State Farm for the personal financial benefit of Dr.
Stavropolskiy and Dr. Wang.  The interrogatories and requests for
production at issue are reasonably calculated to discover
evidence showing the Medical Parties' motive to engage in fraud.
See Fayda, 2015 WL 7871037, at *3 ("It would be an unlikely trial
strategy for the plaintiff to argue to the fact-finder that the .
. . Defendants participated in the fraud . . . for financial gain
but then fail to put on evidence of such gain.").  The Medical
Parties are hereby directed to provide responses to

Interrogatories 1 and 3 and Requests for Production 7-8, 11-16, and 41-42.

**(3) Interrogatory #2: Request for Dr. Stavropolskiy to identify all matters in which he provided sworn testimony in the past seven (7) years**

According to State Farm, Dr. Wang responded to this request, but Dr. Stavropolskiy did not.  The Medical Parties respond that "both doctors have identified what they can recall," and that neither doctor maintains any records which would provide greater insight.  Dr. Stravropolskiy is directed to conduct a reasonable investigation and to respond to this interrogatory.  If after a reasonable investigation Dr. Stravropolskiy cannot recall any matters on which he provided sworn testimony in the relevant time period, then he must state that in writing under oath.  <u>See</u> Fed. R. Civ. P. 33(b)(3).

**(4) Requests for Production of Documents #57-117 and Interrogatories #9-11: Witnesses Listed in the Medical Parties' Rule 26 Disclosure**

State Farm seeks to compel the Medical Parties to provide more specific responses to its requests for information regarding approximately 21 proposed fact witnesses listed in the Medical Parties' required Rule 26 disclosure.  Both parties cite <u>U.S. ex rel. Hunt v. Merck-Medco Managed Care, LLC</u>, 223 F.R.D. 300 (E.D. Pa. 2004).  In that case, the court rejected a motion seeking a court order requiring the plaintiffs to resubmit an amended initial disclosure statement that would provide more specificity.

In this case, however, State Farm is not contesting the adequacy of the Medical Parties' initial required disclosures. Instead, it is seeking additional discovery from the Medical Parties in the form of documents in their possession pertaining to the listed witnesses and an explanation as to why these individuals are relevant.

The Medical Parties responded with a summary response in which they stated that each of the individuals identified "has knowledge of and/or participated in the development and/or implementation of State Farm's business strategy" regarding doctors under investigation for fraud. (Doc. No. 47, Exh. F). The Medical Parties later supplemented their response by stating that the information possessed by the witnesses is contained in their deposition testimony in prior cases or in State Farm's own documents. The Medical Parties contend that State Farm, by its Motion, is seeking to compel the Medical Parties to divulge their trial strategy as to how the information known by these witnesses will be used to support the Medical Parties' claims. We disagree. We find that it is possible for the Medical Parties to completely respond to State Farm's request without in any way divulging their trial strategy. As State Farm illustrated in its reply, the Medical Parties must either provide the facts and documents regarding the individuals identified that make them relevant to this litigation, or state that they have no such

evidence.  The Medical Parties are hereby directed to respond accordingly.

## Conclusion

The Medical Parties' Motion is granted in part and denied in part.  State Farm is directed to provide complete responses to Interrogatories 1 and 5 and Requests for Production 3 and 4. State Farm is further directed to provide complete responses to Request for Production 12, subject to redactions of non-public information as outlined above.  In all other respects, the Medical Parties' Motion is denied.

State Farm's Motion is granted in part and denied in part. The Medical Parties are directed to provide complete responses to Interrogatories 1, 3, 9, and 11, and Requests for Production 1, 6-8, 11-16, 41-42, and 57-117.  Dr. Stavropolskiy is further directed to provide a complete response to Interrogatory 2.  In all other respects, State Farm's Motion is denied.